JAMES N. K. KEOLA, DEPUTY ASSESSOR OF TAXES FOR THE DISTRICT OF WAILUKU, MAUI, v. SOLOMON HALE.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JANUARY 28, 1904.   DECIDED FEBRUARY 19, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An assessor of taxes may sue for unpaid taxes assessed by his predecessor in office as well as for those assessed during his incumbency.

Assessment books or tax rolls are admissible in evidence in support of an assessor's claim for delinquent taxes assessed prior to the plaintiff's incumbency.

An action of assumpsit for delinquent taxes may be brought by an assessor or deputy assessor in his own name on behalf of the Territory of Hawaii. In the declaration and summons in this case it sufficiently appears that the action is so brought.

This is an action of assumpsit, commenced in the District Court of Wailuku, for $192.78 for taxes assessed against the defendant for the years 1895, 1896, 1897, 1898, 1899, 1900 and 1901. The Circuit Court, jury waived, and also the District Court, rendered judgment for the plaintiff for the amount claimed. The three questions raised by the exceptions will be briefly referred to.

The plaintiff has held his present office only since November 1, 1900. One question is whether he can recover of the defendant any taxes other than those assessed during his incumbency. Whatever doubts may have existed on this subject prior to 1896, were disposed of by Act 51 of the Laws of the Session of that year. Section 43 of that Act (C.L., Sec. 846) provides that "the successor of any assessor or deputy assessor shall be vested with the same power and be subject to the same duties and liabilities as his predecessor, and shall collect all taxes then unpaid, and shall carry on any proceedings commenced by his predecessor." "All taxes then unpaid" is a phrase too clear to need definition or explanation.

Another question is whether the tax books or assessment rolls were correctly admitted in evidence in support of the plaintiff's case. Section 86 of the Act of 1896 (C.L., Section 889) answers this in the affirmative. That section reads: "The assessment or tax lists; tax books and copies thereof and delinquent lists showing unpaid taxes assessed against any person or property, shall be *prima facie* proof of the assessment of the property and person assessed, the amount of taxes due and unpaid and the delinquency in payment, and that all forms of law in relation to the assessment and levy of such taxes have been complied with."

The third question is whether the plaintiff can recover at all, the contention of the defendant being that the debt is due to the Government and not to Mr. Keola, either in his individual or in his official capacity. Section 59 of the Act already re-

ferred to (C.L., Sec. 862) provides that, "If any tax be unpaid when due, the assessor may proceed to enforce the payment of the same, with all penalties as follows: * * * (2) By suit or action in assumpsit, in his own name, on behalf of the Republic of Hawaii". See also C. L., §859. By Section 40 (C. L., Sec. 843) deputy assessors are given, with exceptions not material in this case, the same power and authority possessed by the assessor. This action was brought by the plaintiff as "deputy assessor of taxes in and for the District of Wailuku, Maui, Second Taxation Division of the Territory of Hawaii," and the main allegation of the declaration or summons is, "that said defendant, Solomon Hale, is lawfully indebted to the plaintiff, in his official capacity as assessor in the sum of * * * for taxes assessed against the person and property of said defendant * * * on the books of the Assessor of Taxes for the District of Wailuku, Island of Maui, for the year * * * ." In our opinion the declaration sufficiently shows that the action was brought on behalf of the Territory of Hawaii. Its language cannot be construed otherwise. The action as brought is authorized by the statute.

The exceptions are overruled.

*Attorney General L. Andrews* and *N. W. Aluli* for plaintiff. *Creighton & Correa* for defendant.